UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-620-RJC
(3:04-cr-185-RJC-DCK-1)

| | | |
|---|---|---|
| CARL GARY THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, in which Petitioner seeks vacatur of his 2006 conviction in this Court for being a felon in possession of a firearm, pursuant to 18 U.S.C. § 922(g)(1), in light of the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Petitioner also seeks relief from a 2015 judgment revoking Petitioner's supervised release and sentencing him to 24 months in prison, arising from the felon-in-possession conviction. Petitioner is represented by Joshua Carpenter of the Federal Public Defenders of Western North Carolina.

In its response, the Government agrees that Petitioner's felon-in-possession conviction should be vacated. The Government argues, however, that Petitioner should not receive relief from this Court's 2015 judgment revoking Petitioner's supervised release and sentencing him to 24 months in prison. For the following reasons, the Court grants Petitioner's motion to vacate his underlying felon-in-possession conviction. The Court further agrees with Petitioner that he is entitled to relief from the 2015 judgment revoking Petitioner's supervised release and sentencing him to 24 months in prison.

1

## I. BACKGROUND

In May 2003, a confidential source informed law enforcement officers that Petitioner Carl Gary Thomas was selling crack cocaine from his home in Monroe, North Carolina. (Crim. Case No. 4:04-cr-185-RJC-DCK-1, PSR at ¶¶ 9-10). After this source bought cocaine from Petitioner in a monitored transaction, officers obtained a search warrant for Petitioner's home. (Id.). During their search, officers found drugs, including cocaine and marijuana, as well as a Hi-Point 9mm rifle. (Id. at ¶ 10-11).

A grand jury charged Petitioner with possession with intent to distribute marijuana and cocaine, in violation of 21 U.S.C. § 841(a)(1), (b) (Count One); using and carrying a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Two); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three). (Id. at ¶¶ 2-4). Petitioner's status as a felon was based on his two prior North Carolina convictions for possession with intent to sell/deliver cocaine.[1] (Id. at ¶¶ 4, 34, 37). A state court sentenced Petitioner to 6-8 months of imprisonment for his 2000 conviction and to 8-10 months of imprisonment for his 2001 conviction. (Id. at ¶¶ 34, 37; Civ. Doc. No. 4-1 (state court judgment)).

Petitioner pleaded guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm, and the Government agreed to dismiss the remaining charges. (Id., Doc. No. 23 at 1: Plea Agrmt.). A probation officer prepared a presentence report, calculating Petitioner's total offense level as 27 and his criminal history category as V. (Id., PSR at ¶¶ 25,

---

[1] The presentence report also shows a July 2003 conviction for possession with intent to distribute cocaine and second-degree kidnapping, but this conviction occurred after the date of the offenses charged in his federal indictment. Therefore, it did not serve as a predicate offense. See (Id. at ¶ 4).

2

41). The guidelines range was 120-150 months of imprisonment, but it became 120 months due to the statutory maximum. (Id. at ¶ 104 (handwritten notations)). This Court sentenced Petitioner to 41 months of imprisonment and three years of supervised release, entering judgment on May 12, 2006. (Id., Doc. No. 26: Judgment).

In May 2009, Petitioner was released from confinement and began serving his term of supervised release. (Id., Doc. No. 31: Probation Petition). In July and December of 2011, this Court modified his conditions of supervised release. (Id., Doc. Nos. 29, 30: Orders Modifying Conditions/Term of Supervision). In March 2012, a warrant was issued for Petitioner's arrest for violations of the conditions of his supervised release, including committing new violations of law. (Id., Doc. No. 31). The new violations of law were based on 2011 state charges of kidnapping, breaking and entering, and assault and battery, as well as 2012 state charges of possession with intent to manufacture and deliver cocaine, possession of a firearm by a felon, maintaining a dwelling for the distribution of drugs, and possession of drug paraphernalia. (Id. at 1-2). In 2013, a state court convicted Petitioner of possession with intent to sell and deliver cocaine, possession of drug paraphernalia, maintaining a dwelling for possessing a controlled substance, and being a habitual felon. (Id., Doc. No. 32: Addendum to Supervised Release Violation Report). The state court sentenced Petitioner to 92-123 months of imprisonment. (Id.).

Petitioner was not arrested on the federal revocation charges until February 2015. See (Id., Doc. entry dated Feb. 2, 2015). After a revocation hearing, where Petitioner admitted to violating the terms of his supervised release, this Court sentenced Petitioner to 24 months of

3

imprisonment, to be served consecutively to his state sentence.[2] (Id., Doc. No. 43: Judgment on Revocation Proceedings). Judgment was entered on June 3, 2015. (Id.). Petitioner filed a pro se motion on August 16, 2016, citing Rule 60 of the Federal Rules of Civil Procedure and the writ of error coram nobis, and arguing that his Section 922(g)(1) conviction should be vacated pursuant to Simmons. (Civ. Doc. No. 1 at 1-2). Noting that Petitioner's filing was not on a Section 2255 form, had not been signed under penalty of perjury, and did not appear to be timely, this Court allowed Petitioner additional time to clarify what type of motion he was bringing and to file a proper Section 2255 motion. (Civ. Doc. No. 2 at 2-3). The Federal Public Defenders of Western North Carolina entered an appearance on Petitioner's behalf and filed the present Section 2255 motion on October 11, 2016. (Civ. Doc. Nos. 3, 4). In his motion, Petitioner asks the Court to vacate his Section 922(g) conviction and to strike the term of imprisonment imposed for the revocation of his supervised release. (Civ. Doc. No. 4 at 1, 6).

**II.  STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.  DISCUSSION**

---

[2] Petitioner states that his projected completion date for his state sentence is October 26, 2019. (Doc. No. 4 at 2).

As noted, Petitioner first seeks to have this Court vacate his felon-in-possession conviction. Petitioner contends that, pursuant to the Fourth Circuit's decision in Simmons, he was erroneously convicted of being a felon-in-possession of a firearm. The Government has waived the statute of limitations as to this claim and concedes that Petitioner's motion to vacate his conviction should be granted. For the following reasons, the Court agrees that Petitioner's Section 922(g) conviction must be vacated in light of Simmons.

Section 922(g) of Title 18 of the United States Code prohibits anyone "who has been convicted in any court of, a crime punishable by imprisonment by a term exceeding one year" from possessing a firearm. 18 U.S.C. § 922(g)(1). In Simmons, the Fourth Circuit held en banc that, for a prior North Carolina conviction to serve as a predicate felony offense, the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. The Simmons court expressly overruled its prior decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the court had held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." 649 F.3d at 243 (quoting Harp, 406 F.3d at 246) (emphasis omitted). Here, Petitioner's status as a felon was predicated on his 2000 and 2001 convictions for possession with intent to sell/deliver cocaine. See (Crim. Case No. 4:04-cr-185-RJC-DCK-1, PSR ¶¶ at 4, 34, 37). The highest sentence he received for these offenses was 8 to 10 months of imprisonment for the 2001 offense. Under Simmons, then, Petitioner lacks a qualifying predicate conviction. Accordingly, the parties agree, and this Court finds that, in light of Simmons, Petitioner was convicted of

conduct that is not criminal, and Petitioner's 2006 felon-in-possession conviction must be vacated.

In his motion to vacate, Petitioner also asks this Court to strike the 24-month sentence imposed in June 2015 based on the revocation of his supervised release. The Government opposes the vacatur of Petitioner's June 2015 judgment revoking Petitioner's supervised release and his 24-month, supervised-release prison sentence, arguing that it is time-barred. (Civ. Doc. No. 8 at 7). The Government argues that the judgment in the revocation proceedings became final on June 17, 2015, fourteen days after this Court entered judgment revoking his supervised release. See FED. R. APP. P. 4(b)(1). The Government argues that because Petitioner did not file his motion to vacate until more than a year later, on August 16, 2016, and because he did not raise a challenge to his sentence for violating the terms of his supervised release until October 11, 2016, his challenge to this judgment and sentence is untimely. See (Civ. Doc. No. 8 at 8). For the following reasons, the Court agrees with Petitioner that because Petitioner's Section 922(g) conviction is being vacated, the prison sentence imposed on Petitioner for a violation of supervised release in that case must also be vacated, and Petitioner is not time-barred from challenging his 24-month revocation sentence because that sentence flowed from Petitioner's original Section 922(g) conviction.

In Johnson v. United States, 529 U.S. 694, 699-700 (2000), the Supreme Court addressed the Sixth Circuit's holding that the revocation of supervised release is punishment for the new offense of violating the supervised-release conditions. The Supreme Court rejected that position, reasoning that "serious constitutional questions . . . would be raised by construing revocation and reimprisonment as punishment for the violation of the conditions of supervised release." Id. at 700. The Court held that, instead, "post-revocation sanctions" must be treated "as part of the

6

penalty for the initial offense." Id.; see also id. at 701 ("We therefore attribute post-revocation penalties to the original conviction."). The holding in Johnson relies in part on the statutory language set forth in 18 U.S.C. § 3583(e)(3) governing supervised release sentences. Specifically, Section 3583(e)(3) permits the court to "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute <u>for the offense that resulted in such term of supervised release</u>." 18 U.S.C. § 3583(e)(3) (emphasis added). As the Johnson Court noted, the plain language of Section 3583(e)(3) indicates that the sentence imposed after a revocation "is not a term of imprisonment" that stands alone; rather, it is "all or part of the term of supervised release" imposed for the original offense. Johnson, 529 U.S. at 705 (internal quotation marks omitted).

The Fourth Circuit and subsequent decisions in the federal district courts within the circuit have reiterated and applied the holding in Johnson in cases similar to this one. See, e.g., United States v. Ward, 770 F.3d 1090, 1094 (4th Cir. 2014) (where the defendant sought to treat a revocation sentence as flowing from the supervised-release violation, not from the original offense, holding that "[i]n reaching its conclusion in Johnson, the Court expressly rejected the argument that revocation and reimprisonment should be characterized as punishment for a violation of the conditions of supervised release. Instead, the Court held that post-conviction penalties relate to the original offense."); United States v. Fareed, 296 F.3d 243, 247 (4th Cir. 2002) ("The Supreme Court held in Johnson [v. United States, 529 U.S. 694 (2000)] that post-revocation prison sentences are sentences for the original federal crime, not punishment for the violation of the terms of supervised release."); United States v. Maxwell, 285 F.3d 336, 341 (4th Cir. 2002) (same); Parker v. United States, No. 3:12-cv-495-RJC (W.D.N.C. Sept. 15, 2015) (vacating both the underlying 18 U.S.C. § 922(g)(1) conviction and the petitioner's subsequent

7

revocation judgment in light of Simmons); see also Hamilton v. United States, No. 3:12-cv-128-RJC (W.D.N.C. Apr. 10, 2014) (same); Brewington v. United States, Crim. Case No. 4:08-cr-77-FL-1, Doc. No. 124 at 7: Order in No. 4:12-cv-225-FL (E.D.N.C. Nov. 8, 2012) (stating that "[w]here the court has determined that petitioner's conviction must be vacated, the motion for revocation of supervised release based on that conviction must be dismissed"). Indeed, the Government has conceded in a very similar action in the Eastern District of North Carolina that "binding precedent" requires such result.[3] See United States v. Johnson, No. 5:09-cr-82-D, Doc. No. 52 at 7 (E.D.N.C. Oct. 5, 2012) (vacating the defendant's Section 922(g) conviction and dismissing a pending motion for revocation of supervised release, where the Government conceded that the "binding precedent" of Johnson and subsequent Fourth Circuit cases "foreclose[d]" the Government from arguing that the defendant should be punished for a supervised release violation that flowed from his Section 922(g) conviction).

The Government seeks to support its contrary argument with a citation to United States v. Kahoe, 134 F.3d 1230 (4th Cir. 1998). See (Civ. Doc. No. 8 at 10). There, the defendant was first convicted of a state felony and then subsequently convicted of a federal felon-in-possession offense under Section 922(g). After the federal conviction became final, the defendant's underlying state felony conviction was vacated. The Court nonetheless affirmed the Section 922(g) conviction, reasoning that its validity turned on whether the defendant had a felony

---

[3] The Court agrees with Petitioner that although the petitioner in Johnson had not yet been sentenced for his supervised release violation, and the Government conceded that dismissal of the pending revocation proceedings was appropriate, the result should be no different in a case such as this one, where the revocation sentence has already been imposed. Accord United States v. Thomas, 135 F.3d 873, 876 (2d Cir. 1998) (stating that there can be no violation of a term of probation that was imposed illegally, and a sentence "based on the revocation of that probation must also be vacated").

8

conviction at the time of the firearm possession, even if that conviction was later vacated. (Id. at 1231-35).

The decision in Kahoe does not support the Government's supervised-release argument for at least three reasons. First, the decision says nothing at all about the legal status of a revocation sentence. Second, Kahoe is concerned with the statutory language of Section 922(g), as opposed to the different statutory language of the supervised release statute, 18 U.S.C. § 3583, at issue here. Third, even if the reasoning in Kahoe were applicable by analogy, the decision cannot override Johnson's subsequent construction of Section 3583. Moreover, in a similar action in the Eastern District of North Carolina, as discussed above, the Government expressly conceded that Johnson "forecloses" any reliance on Kahoe in the circumstances presented here. See United States v. Johnson, No. 5:09-cr-82-D, Doc. No. 52 at 7 (E.D.N.C. Oct. 4, 2012).

In sum, binding Supreme Court and Fourth Circuit precedent dictate that the vacatur of Petitioner's Section 922(g) conviction also requires the vacatur of the entire sentence that flowed from that conviction, including the term of supervised release and the 24-month sentence imposed for a violation of Petitioner's supervised-release conditions.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's 2006 conviction for possession of a firearm by a felon under 18 U.S.C. § 922(g)(1) is hereby vacated. Petitioner's 24-month sentence based on the revocation of his supervised release is also vacated.[4]

**IT IS, THEREFORE, ORDERED** that:

---

[4] To avoid confusion, the Court notes that Petitioner is in state custody serving a sentence for a state conviction, with a projected release date of October 26, 2019. This ruling does not entitle him to release from custody at this time. It merely means that when he has served his state sentence and is released from state custody, he will no longer be subject to a 24-month federal sentence.

9

(1) Petitioner's Motion to Vacate, (Doc. Nos. 1, 4), is **GRANTED**. Petitioner's 2006 felon-in-possession conviction is hereby vacated, (Case No. 3:04-cr-185-RJC-DCK-1, Doc. No. 26), and the 2015 judgment and 24-month sentence based on the revocation of his supervised release in that same case is also vacated, (<u>Id.</u>, Doc. No. 43).

Signed: May 18, 2017

Robert J. Conrad, Jr.
United States District Judge